19 F.3d 1431
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny Bernard MILLER, a/k/a Bernard Miller, Defendant-Appellant.
 No. 93-5296.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 11, 1994.
Decided: March 23, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte; Graham C. Mullen, District Judge. (CR-92-101-3MU)
 Marshall Anthony Swann, Charlotte, NC, for appellant.
 Robert James Conrad, Jr., Chief, Criminal Division, United States Attorney's Office, Charlotte, NC, for appellee.
 Jerry W. Miller, U.S. Atty., Gretchen C. F. Shappert, Asst. U.S. Atty., Charlotte, NC, for appellee.
 W.D.N.C.
 AFFIRMED.
 Before WIDENER and LUTTIG, Circuit Judges, and WILSON, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 A jury convicted appellant Johnny Bernard Miller of violating 21 U.S.C. Sec. 841(a)(1) (possessing with intent to distribute cocaine base), 18 U.S.C. Sec. 922(g)(1) (possession of a firearm by a convicted felon), and 18 U.S.C. Sec. 924(c)(1) (the use and carriage of a firearm during a drug trafficking crime). On appeal, Miller claims that two erroneous evidentiary rulings by the district court entitle him to a new trial. We affirm.
 
 I.
 
 2
 The government's case against Miller centered on the testimony of Officer Michael Crowley of the Charlotte Police Department. On the evening of September 17, 1991, Crowley was working undercover with several other Charlotte Police officers. They agreed that Crowley would drive down Coliseum Drive in his unmarked car and purchase crack with a marked twenty-dollar bill from the Vice and Narcotics Impress Fund. Crowley testified that he marked the twenty-dollar bill by making an "X" in the word "of" (in the phrase "United States of America") on the top of the bill, and that he wrote down the bill's serial number on a yellow "sticky" note pad.
 
 
 3
 Officer Crowley testified that he gave the marked twenty to Miller in return for a piece of crack. He then returned to the staging area and described Miller to his colleagues. The officers went back to Coliseum Drive, where Crowley again saw Miller. Miller ran from the police but eventually was caught. Before being arrested, Miller pulled a small gun from his pocket and threw it to the ground. Crowley stated that upon searching Miller, he found the marked twenty.
 
 
 4
 At trial, the government moved to introduce into evidence a photocopy of the marked bill made by Crowley after the arrest. The government did not produce the original twenty because it had been reused by the Police Department. Miller's counsel objected, citing the best evidence rule. The district court overruled the objection with the comment, "No best evidence rule in federal court." J.A. at 13.
 
 
 5
 After Crowley's direct testimony, Miller's counsel cross-examined him about a written report he claimed to have made about Miller's arrest. The report itself had not been admitted into evidence at this point, and it was not admitted at any point during the presentation of either the government's or Miller's case. In his closing argument, Miller's counsel questioned why the report had not been introduced. The government then moved to reopen its case to introduce the report. Miller's counsel objected to the report's introduction unless he could recall Crowley, who was not present in the courtroom, and cross-examine him about it. The district court overruled the objection, stating, "[Y]ou've already had the opportunity to cross-examine him on this." J.A. at 148. Before the case was submitted to the jury, Miller's counsel moved for a mistrial, arguing not only that he had been unable to cross-examine Crowley, but also that no evidence had been presented to suggest that the report was in fact the one Crowley claimed to have made. J.A. at 174. The district court denied the motion.
 
 II.
 
 6
 A district court's decision to reopen a criminal case to admit additional evidence after both parties have rested is reviewed for an abuse of discretion. United States v. Paz, 927 F.2d 176, 179 (4th Cir.1991). Miller argues that the district court abused its discretion in admitting Crowley's report because Crowley was not present in the courtroom, and therefore he could neither identify the report as his own nor be cross-examined about it. Miller claims to have been prejudiced because his defense was based on impeaching Crowley's credibility, which he states was unfairly buttressed by introduction of the report.
 
 
 7
 The government had a perfectly reasonable explanation for not presenting Crowley's report during its case-in-chief: it clearly thought that Crowley's direct testimony was sufficient to establish Miller's guilt. The need to introduce the report arose only after Miller's counsel questioned in his closing argument why the report had not been introduced, thereby suggesting that the government was withholding evidence from the jury. In making this argument, Miller's counsel "opened the door" for the report's introduction, and it is well established that when attempts have been made at impeachment, evidence contradicting those attempts may be introduced.
 
 
 8
 Miller's argument that Crowley did not identify the report as his own is of some force, but we believe that any error committed by the district judge in this regard was harmless. Miller conceded in his brief that there is no evidence that the report was ever shown to the jury. Appellant's Brief at 8. As such, the only purpose that introduction served was to prove that the report existed, and that Crowley was not lying about its existence. Because the jury never saw the report, its introduction did not confirm that Crowley was telling the truth about the facts of Miller's arrest. As noted, Miller's counsel had earlier cross-examined Crowley about the report even though it had not been introduced into evidence. That cross-examination brought out several discrepancies between Crowley's trial testimony and what he had supposedly written in the report; any doubts potentially raised by these discrepancies did not disappear the moment that the report was introduced into evidence. Given that Miller cannot demonstrate any prejudice resulting from the reopening of the government's case, we decline to vacate his conviction on this basis.
 
 
 9
 We likewise hold that the district court did not abuse its discretion in admitting the photocopy of the twenty-dollar bill. Federal Rule of Evidence 1003 provides that "[a] duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Miller seems to argue that there was a "genuine question ... as to the authenticity" of the marked twenty-dollar bill. He states, for instance, that Officer Crowley did not keep any records of how much money he had taken from the Impress Fund before the arrest, and that the "sticky" on which he wrote the serial number of the bill was not preserved. Miller also contends that the photocopy was kept in circumstances suggesting that it had been tampered with.
 
 
 10
 We disagree with Miller's contentions. Federal Rule of Evidence 901 provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." In United States v. Branch, 970 F.2d 1368 (4th Cir.1992), this court stated that "[b]efore admitting evidence for consideration by the jury, the district court must determine whether its proponent has offered a satisfactory foundation from which the jury could reasonably find that the evidence is authentic." Id. at 1370.
 
 
 11
 The government clearly offered a satisfactory foundation supporting a finding of authenticity. One permissible manner of authentication is testimony "of [a] witness with knowledge ... that a matter is what it is claimed to be." Fed.R.Evid. 901(b). Before the photocopy was introduced, Crowley testified that he obtained the bill from the Vice and Narcotics Impress Fund, and that he wrote its serial number down and marked it with an "X." J.A. at 12-13. He was then presented with the photocopy, which he stated was a xerox of the bill that he used to purchase the crack. Id. at 13. He also stated that the serial number of the bill was the same as he had noted prior to making the buy. Id. From this testimony, the jury could reasonably have found the evidence authentic, and therefore the district court did not abuse its discretion in admitting the photocopy. As for Miller's claims of possible tampering, they are completely unsubstantiated by the record.
 
 
 12
 The judgment of the district court is affirmed.
 
 AFFIRMED
 WIDENER, Circuit Judge, dissenting:
 
 13
 I agree that the photocopy of the twenty-dollar bill was admissible, but as to Crowley's report, I respectfully dissent.
 
 
 14
 Even granting that the defendant's attorney argued the absence of Crowley's report from the evidence, the condition was brought about by the United States, not by the defendant. And even if it was not reversible error to permit the introduction of evidence by the government after the defendant had concluded his closing argument, I think it was error by any standard to admit Crowley's report which had not been authenticated. I further think that it was an abuse of discretion by any standard not to permit the defendant's attorney to cross-examine Crowley with respect to the report.
 
 
 15
 I would vacate the conviction and remand for a new trial.